OPINION
{¶ 1} This appeal is brought by appellants Tarina Mouser ("Tarina") and Persie and Kenneth Nelson ("the Nelsons") from the judgment of the Court of Common Pleas of Logan County, Juvenile Division, granting legal custody to appellees Mike and Stacy Eldridge ("the Eldridges").
 {¶ 2} On July 31, 2001, Ethan Mouser ("Ethan") was born to Todd ("Todd") and Tarina Mouser. A complaint alleging Ethan was dependent was filed on January 31, 2002, due to the drug usage of Todd and Tarina. Todd and Tarina stipulated to the dependency on April 4, 2002, and a case plan was completed. On June 19, 2002, Todd died from an overdose of heroin while in Alabama with his mother. Tarina then took Ethan and moved in with the Nelsons. Persie Nelson is Tarina's sister. After extended disappearances by Tarina, the case plan was modified on July 12, 2002, and the Logan County Children Services Board ("LCCSB") requested that legal custody be granted to the Nelsons with the consent of Tarina. Custody was granted to the Nelsons on August 20, 2002.
 {¶ 3} On January 15, 2003, the Eldridges filed a motion to intervene and to be granted legal custody of Ethan. Stacy Eldridge is the sister of Todd. The trial court granted the motion to intervene on January 15, 2003. A trial was held on the motion for legal custody on October 27, October 28, October 30, and November 18, 2003. On September 2, 2004, the trial court granted custody of Ethan to the Eldridges. Tarina appeals from this judgment and raises the following assignment of error.
It was reversible error for the court to grant legal custody to [theEldridges] when no motion for legal custody had been filed by them priorto the dispositional hearing as required by [R.C. 2151.353(A)(3)].
 {¶ 4} In her sole assignment of error, Tarina claims that the trial court should not consider the motion of the Eldridges because it was not filed prior to the original dispositional hearing. Tarina relies upon R.C. 2151.353(A)(3) which does contain this requirement. However R.C.2151.353(E)(2) states as follows.
Any public children services agency, any private child placing agency,the department of job and family services, or any party, other than anyparent whose parental rights with respect to the child have beenterminated pursuant to an order issued under division (A)(4) of thissection, by filing a motion with the court, may at any time request thecourt to modify or terminate any order of disposition issued pursuant todivision (A) of this section * * *. The court shall hold a hearing uponthe motion as if the hearing were the original dispositional hearing andshall give all parties to the action and the guardian ad litem notice ofthe hearing pursuant to the Juvenile Rules.
R.C. 2151.353(E)(2). The Eldridges were "any party" under the statute since their motion to intervene as an interested party was granted by the trial court. The Eldridges filed a motion to modify the order of disposition issued pursuant to R.C. 2151.353(A). An extensive hearing was held on the motion. Thus, the trial court complied with the requirements of R.C. 2151.353(E)(2) in order to modify the original dispositional ruling. Tarina's assignment of error is overruled.
 {¶ 5} The Nelsons also appealed the judgment of the trial court and raise the following assignment of error.
The trial court abused its discretion in granting custody of [Ethan] to[the Eldridges], thereby removing the child from the home where he hadlived for approximately 27 months, and moving him away from numerousfamily members local to [the Nelsons], against the wishes of the child'smother.
 {¶ 6} In a custody proceeding, the trial court is required to consider what would serve the best interests of the child. Several factors must be considered, including the wishes of the child's parents regarding the child's care. R.C. 3109.04(F)(1). This is especially important in a case where custody is being granted to a third party, but parental rights have not been terminated. The right of a parent to control his or her child is paramount. Quilloin v. Walcott (1978), 434 U.S. 246, 98 S.Ct. 549,54 L.Ed. 511. Where parental rights have not been terminated and no action has been taken to attempt to terminate those rights, the opinion of the parent as to who would be a proper guardian for their child should be given great weight.
 {¶ 7} In this case, Tarina, the mother of Ethan, still had her parental rights and no action has ever been instituted to terminate those rights. The evidence was clear that Tarina wanted Ethan to reside with the Nelsons. Tarina and Todd, the father, both stated that they would only go into rehab if Persie Nelson could keep Ethan. Tr. Vol. 4, 165. The testimony was that Todd believed Persie Nelson was a good person who would look after Ethan. Id. After Todd's death, Tarina agreed that Persie Nelson should have temporary custody of Ethan on July 12, 2002. July 12, 2002, Case Plan. This case plan specified that Tarina could not take Ethan out of Persie's home unless accompanied by Persie or a third party approved by Persie. Tr. Vol. 1, 74. This belief was again reiterated at trial by Tarina through her counsel.[1]
 Ms. Beck: * * * Tarina Mouser is the mother of Ethan Reed Mouser, bornJuly 31, 2001 and the widow of Todd Mouser.
 After Todd's death and due to her illness, Mrs. Mouser became unable tocare for herself and her son.
 She chose to place her son Ethan with her sister Persie. Knowing thatPersie could care for him, was prepared to care for him and that sheloved Ethan as her own. Mrs. Mouser firmly believes it's in the bestinterest of Ethan that his custody remain with her sister, PersieNelson.
 These are her reasons: Persie will continue to love Ethan as her own.Persie can relate with Ethan about loss.
 Persie will maintain Ethan's relationship with his father's family aswell as her own.
 Persie will know how to tell Ethan about his dad and his mother andwill do so as appropriate.
 Persie will protect Ethan, including as it relates to her — asit relates to Mrs. Mouser's continued sobriety and contact afterher release.
 6, (sic) there is no reason to take Ethan from Ken and Persie,whom Mrs. Mouser considers his parents and not to create anotherloss for Ethan.
 7, (sic) Stacy and Mike Eldridge had humble beginnings. Their affluentneighborhood and money do not out weigh (sic) the advantages of family,love and support valued to Ethan with Persie.
 And finally, Mrs. Mouser does not trust the Mouser family to maintainrelationship with her family or that they can or will tell Ethan asappropriate the truth about herself and her husband.
 Thank you.
Tr. Vol. 4, 271-72. Tarina's statement that the Nelsons would support contact with both the paternal and maternal relatives is supported by the testimony of all relatives. The testimony also indicated that the great majority of Ethan's relatives, both maternal and paternal live within one hour of the Nelsons.
 {¶ 8} Although this testimony was presented to the court, the trial court gave no indication that it considered Tarina's wishes. The trial court specifically found that the Eldridge's home and the Nelson's home were both very good homes and both capable of raising Ethan. The trial court then proceeded to grant custody to the Eldridge's based upon the wishes of the paternal grandfather. At no time did the court even mention the wishes of the mother. The wishes of the paternal grandfather may be considered, but are not a mandatory factor. However, the wishes of the mother are a mandatory factor to be considered. When the homes are equal in value, the weight of the mother's wishes alone may be sufficient to determine the choice of one home over the other. Thus, the trial court erred by failing to consider the wishes of Tarina. The Nelson's assignment of error is sustained.
 {¶ 9} The judgment of the Court of Common Pleas of Logan County, Juvenile Division is reversed and the cause is remanded for further proceedings.
Judgment reversed and cause remanded.
 Rogers and Shaw, JJ., concur.
[1] Due to Tarina's criminal proceedings, she chose not to testify pursuant to her 5th Amendment rights. However, the parties stipulated that the statement made on behalf of Tarina by her attorney would be accepted as her testimony.